UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARY A. MEEKER,

        Plaintiff,

   v.

NANCY A BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

CASE NO. 3:17-CV-05212-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Mary A. Meeker filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 22.

After considering the record, the Court cannot determine whether the decision by the Administrative Law Judge ("ALJ") is supported by substantial evidence because an opinion from Plaintiff's treating therapist may have been omitted from the administrative record. Had the ALJ considered this evidence, the residual functional capacity ("RFC") may have included additional

limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On May 7, 2013, Plaintiff filed applications for SSI and DIB, alleging disability as of December 31, 2009.[1] *See* Dkt. 8, Administrative Record ("AR") 19. The applications were denied upon initial administrative review and on reconsideration. *See* AR 19. ALJ Robert P. Kingsley held a hearing on August 25, 2015. AR 52-89. In a decision dated October 14, 2015, the ALJ determined Plaintiff to be not disabled. AR 19-34. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-7; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to consider an opinion by Steve Adams, Plaintiff's treating therapist and case manager; (2) not giving specific and legitimate reasons to reject the medical opinion of examining physician, Dr. Loren W. McCollom, Ph.D.; (3) failing to find Plaintiff's bipolar disorder was a severe impairment at Step Two; (4) not providing germane reasons to reject three lay witness statements; (5) not giving clear and convincing reasons to discredit Plaintiff's subjective symptom testimony; (6) failing to include limitations in Plaintiff's RFC reflecting side effects from her medications; and (7) finding Plaintiff could perform occupations requiring frequent or constant reaching, and frequent or constant handling, despite the ALJ's decision to give great weight to a physician who found Plaintiff would "seldom" reach and "occasionally" handle. Dkt. 10.

---

[1] Plaintiff subsequently amended her alleged disability onset date to July 5, 2011. AR 19, 54.

Upon reviewing the administrative record and the parties' briefs, the Court discovered the administrative record did not contain Mr. Adams' opinion, although Plaintiff attached it as an Exhibit to her Opening Briefing. *See* Dkt. 10-1. Therefore, on October 31, 2017, the Court ordered supplemental briefing, directing the parties to address whether remand pursuant to Sentence Four or Sentence Six would be appropriate if the case was remanded in light of Mr. Adams' opinion. *See* Dkt. 20. Plaintiff and Defendant provided supplemental briefing. *See* Dkt. 21, 26. The matter became ready for the Court's consideration on December 5, 2017.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the administrative record permits meaningful judicial review.**

Plaintiff argues the ALJ erred by failing to address opinion evidence from Plaintiff's therapist and case manager, Mr. Adams, which she says she submitted multiple times to the Social Security Administration ("Administration"). Dkt. 10, pp. 4-6; *see also* Dkt. 21, pp. 2-4.

Sentence four of 42 U.S.C. § 405(g) allows the court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." When the Appeals Council declines to review a case, the ALJ's decision becomes the final decision of the Commissioner, and the district court reviews the ALJ's decision "for substantial evidence, based on the record as a whole." *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62

(9th Cir. 2012) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999)). Hence, meaningful judicial review "requires access to the facts and reasons supporting that decision." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (citation omitted). As such, the court can "remand a case for further consideration if [it is] unable to exercise meaningful or informed judicial review because of an inadequate administrative record." *Hill v. Astrue*, 526 F.Supp.2d 1223, 1228 (D. Kan. 2007) (citing *Harrison v. PPG Industries, Inc.*, 446 U.S. 578, 594 (1980)).

However, a court does not remand a case in order to make "ministerial correction[s]" to the record. *Edwards v. Astrue*, 2010 WL 2787847, at *3 (D. Kan. 2010). Instead, "[t]he touchstone is whether the administrative record that does exist permits meaningful review." *Id.* at *4. A court may, for example, remand a case when documents are missing from the administrative record. *See Podgorney v. Barnhart*, 214 Fed.Appx. 648, 649-50 (9th Cir. 2006); *see also Hoth v. Berryhill*, 680 Fed.Appx. 616, 617 (9th Cir. 2017) (ALJ erred by proceeding without medical records he knew were missing from the administrative record); *Gasparyan v. Astrue*, 378 Fed.Appx. 644, 645-46 (9th Cir. 2010) (remanding for "appropriate inquiry" where the ALJ did not inquire "into the existence of the records he specifically identified as missing").

In this case, Plaintiff submitted receipts to the Court showing she attempted to electronically submit Mr. Adams' opinion to the Administration at least twice. Plaintiff's first receipt indicates she electronically submitted medical evidence from "Steve Adams" of "Greater Lakes Mental Health" to the Administration on September 2, 2015 – prior to the ALJ's written decision on October 14, 2015. *See* Dkt. 21-1. Plaintiff's second receipt indicates her representative submitted a letter to the Administration on November 5, 2015. Dkt. 21-2, p. 1. In this letter, Plaintiff's representative told the ALJ his decision omitted any discussion of Mr.

Adams' opinion even though she previously submitted it, and she "attached [a] second copy" of Mr. Adams' opinion to this letter. Dkt. 21-2, p. 2. In addition, Plaintiff's representative included an excerpt of Mr. Adams' opinion in her Request for Review to the Appeals Council on December 9, 2015.[2] AR 370.

Defendant, on the other hand, maintains the Administration never received Mr. Adams' opinion. The Administration's electronic folder for Plaintiff's case reflects that her representative submitted a letter on September 2, 2015, asking the Administration to include a statement from Mr. Adams. Dkt. 26-1, Chung Dec., ¶ 2(b); *see also id.* at pp. 4-5. However, the electronic entry for this letter in the Administration's database includes a note written by the "hearing office," which states "documents not submitted w/cover letter." *Id.* at ¶ 2(b); *see also id.* at p. 5. Similarly, the Administration asserts a "review of the electronic folder does not show any attachments" to the letter from Plaintiff's representative on November 5, 2015. *Id.* at ¶ 2(d). The Administration further maintains a "thorough review of the electronic folder" revealed the electronic folder does not contain Mr. Adams' statement. *Id.* at ¶ 2(3). Lastly, the Administration states the "Appeals Council is unable to ascertain whether or not this statement was indeed submitted." *Id.*

In sum, although Plaintiff's evidence shows she submitted Mr. Adams' opinion to the Administration at least twice, Defendant's evidence shows the electronic folder for Plaintiff's case does not contain Mr. Adams' opinion. In light of this conflicting evidence, the Court cannot determine whether the ALJ erred by failing to consider Mr. Adams' opinion. This is particularly

---

[2] In her Opening Brief, Plaintiff asserted that she submitted Mr. Adams' opinion "to the Appeals Council on December 9, 2015." Dkt. 10, p. 5 (citing AR 370). However, Plaintiff did not submit a Declaration or receipt evidencing her submission of Mr. Adams' full opinion to the Appeals Council. Thus, the record is unclear whether Plaintiff submitted Mr. Adams' full opinion to the Appeals Council, although an excerpt of the opinion does appear in Plaintiff's brief to the Appeals Council. *See* AR 370.

true given that Defendant may have been on notice that Plaintiff's representative attempted to submit Mr. Adams' opinion. *See id.* at ¶ 2(b); *see also id.* at p. 5 (electronic folder shows the hearing office noted "documents not submitted w/cover letter" despite Plaintiff's representative writing that she attached Mr. Adams' opinion). Due to the ALJ's possible error in failing to consider Mr. Adams' opinion, the Court also cannot determine whether the ALJ's decision was based on substantial evidence. Thus, the Court cannot conduct a meaningful review of the ALJ's decision on this unclear record.

Defendant argues Mr. Adams' opinion is irrelevant because the statement was given in September 2015 and Plaintiff's date last insured was December 31, 2014. Dkt. 17, p. 17. Hence, Defendant maintains Mr. Adams' opinion would not alter the ALJ's decision because it came after the time by which Plaintiff had to establish disability. *Id.* Yet Mr. Adams' statement indicates he has been treating Plaintiff since July 2014 – prior to Plaintiff's date last insured. Dkt. 10-1, p. 2. Therefore, because Mr. Adams' opinion may relate to the time period at issue, the Court is not persuaded by Defendant's argument.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

In this case, the ALJ's failure to consider Mr. Adams' opinion was not harmless because Mr. Adams opined that Plaintiff had greater functional limitations than the ALJ found. For example, Mr. Adams opined Plaintiff's "ongoing problems with anxiety, mood fluctuation, and poor stress-tolerance render her unable to participate in competitive work activity at this time." Dkt. 10-1, p. 3. Mr. Adams also stated "an attempt to re-enter the workforce on a full-time basis would trigger an exacerbation of symptoms" and could result "in another decompensation requiring hospitalization." *Id.* Mr. Adams further opined Plaintiff "would be unable to sustain a normal workday or work week at this time." *Id.* Plaintiff's RFC did not contain limitations reflecting Mr. Adams' opinions. Thus, had the ALJ considered Mr. Adams' statement, the RFC and hypothetical questions posed to the vocational expert may have included additional limitations. Because the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.

Remand is therefore appropriate so Mr. Adams' opinion may be appropriately incorporated into the administrative record and considered by the ALJ. *See, e.g.*, *Hoth*, 680 Fed.Appx. 617 (remand is appropriate when documents are missing from the administrative record). Furthermore, because Mr. Adams' opinion may impact the entire sequential evaluation process, the ALJ shall re-evaluate the entire case in light of Mr. Adams' opinion on remand, including every step of the sequential evaluation process.

**II. Whether the ALJ properly assessed the medical opinion evidence, his Step Two findings, the lay witness testimony, Plaintiff's subjective symptom testimony, and Plaintiff's RFC.**

Plaintiff alleges the ALJ made several further errors, such as in his treatment of medical opinion evidence from Dr. McCollom, by failing to find Plaintiff's bipolar disorder severe at Step Two, and not providing germane reasons to reject testimony from three lay witnesses. Dkt.

10, pp. 1-10. Plaintiff also argues the ALJ erred by failing to give clear and convincing reasons to discredit Plaintiff's subjective symptom testimony, not including limitations in Plaintiff's RFC reflecting her medication side effects, and making RFC findings inconsistent with the weight given to medical opinions. *Id.* at pp. 10-18.

The Court has determined it cannot conduct meaningful judicial review on this record. *See* Section I., *supra*. Because the Court has ordered the ALJ to re-evaluate this entire case on remand, the Court declines to consider Plaintiff's additional arguments.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 22nd day of December, 2017.

David W. Christel
United States Magistrate Judge