UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARY A. MEEKER,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

CASE NO. 3:17-CV-05212-DWC

ORDER

    Plaintiff Mary A. Meeker filed a Motion for Attorney Fees ("Motion"), seeking attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Dkt. 29. Defendant objects to the Motion, contending Defendant's position in the underlying case was substantially justified and Plaintiff's request is unreasonable. Dkt. 32.

    The Court concludes Defendant's position was not substantially justified and Plaintiff is entitled to fees. However, Plaintiff's request for fees is unreasonable. Accordingly, Plaintiff's Motion (Dkt. 29) is granted-in-part.

BACKGROUND

On December 22, 2017, the Court determined it could not conduct meaningful judicial review of the decision from the ALJ Administrative Law Judge ("ALJ") because an opinion from Plaintiff's treating therapist, Mr. Steve Adams, may have been omitted from the administrative record.[1] Dkt 27. Accordingly, because the Court could not determine whether the ALJ's decision was supported by substantial evidence, the Court reversed the ALJ's decision and remanded the case to the Social Security Administration ("Administration") for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). *Id.*; *see also* Dkt. 28.

On March 21, 2018, Plaintiff filed the present Motion. Dkt. 29. Defendant filed a Response on April 2, 2018. Dkt. 32. On April 4, 2018, Plaintiff filed a Reply. Dkt. 33. Thereafter, on April 11, 2018, Defendant filed a Motion for Leave to File a Surreply (Dkt. 34), which the Court denied on April 13, 2018. Dkt 35. Defendant nevertheless filed a Surreply, which the Court struck from the record for failure to follow a Court Order. *See* Dkt. 36, 37, 38.

DISCUSSION

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592

---

[1] Prior to issuing its Order, the Court ordered supplemental briefing, directing the parties to address whether remand pursuant to Sentence Four or Sentence Six would be appropriate if the case was remanded in light of Mr. Adams' opinion. *See* Dkt. 20, 21, 26.

F.3d 1072, 1076 n.2 (9th Cir. 2010) (citing *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436-37.

        I.        <u>Substantially Justified</u>

In this matter, Plaintiff was the prevailing party because she received a remand of the matter to the Administration for further consideration. See Dkt. 27, 28. To award attorney's fees to a prevailing plaintiff, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court has held "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A "substantially justified position must have a reasonable basis both in law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citing Pierce, 487 U.S. at 565; Flores, 49 F.3d at 569). The Court "'must focus on two questions: first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court.'" *Id.* at 1259 (quoting *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). Thus, for the government to prevail, it must establish both the ALJ's underlying conduct and its litigation position in defending the ALJ's error were substantially justified. *Id.* "[I]f 'the government's underlying position was not substantially justified,'" the Court must award fees and does not

have to address whether the government's litigation position was justified. *Toebler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (quoting *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013)). The fact the Administration did not prevail on the merits does not compel the Court to conclude its position was not substantially justified. *See Kali*, 854 F.2d at 334.

In this case, the parties disputed whether the ALJ committed harmful error by failing to consider an opinion from Mr. Adams, Plaintiff's treating therapist. *See* Dkt. 10, pp. 4-6; Dkt. 17, pp. 15-17. The Court found that while Plaintiff's attorney provided evidence showing she submitted Mr. Adams' opinion to the Administration at least twice, Defendant's electronic folder for Plaintiff's case did not contain Mr. Adams' opinion. Dkt. 27, p. 5. Given this conflicting evidence – particularly given that the Administration appeared to be on notice that Plaintiff's representative attempted to submit the opinion – the Court determined it could not conduct meaningful judicial review of the ALJ's decision. As such, the Court reversed and remanded Plaintiff's claim to the Administration for proper incorporation and consideration of Mr. Adams' opinion. *Id.* at 5-7.

Defendant argues its litigation position was substantially justified because there was a "genuine dispute" regarding whether Mr. Adams' opinion would change the ALJ's decision or deprive it of substantial evidence. Dkt. 32, pp. 4-6. To support this position, Defendant claims the Court did not determine Mr. Adams' opinion "constituted substantial evidence or would have changed the ALJ's decision." *Id.* at 5. Defendant's assertion, however, is unsupported by the record, as the Court determined the ALJ's ultimate disability determination may have changed had the ALJ had considered Mr. Adams' opinion. Dkt. 27, p. 7.

In addition, Defendant asserts its litigation position was substantially justified because Mr. Adams wrote that the limitations he described applied at the time he wrote the opinion – in

September 2015 – months after Plaintiff's date last insured of December 31, 2014. Dkt. 32, pp. 6-7. But as the Court noted in its Order, this argument is unpersuasive, as Mr. Adams states he had been treating Plaintiff since July 2014 – a time within the relevant time period – and compares her symptoms to that time. Dkt. 27, p. 6. As such, Defendant's argument that Mr. Adams' opinion was irrelevant to the relevant time period was not reasonable in law or fact. *See Toebler*, 749 F.3d at 833 (citations omitted) (finding the government not substantially justified in arguing a lay witness's statement from 2001 was irrelevant, even though the relevant period ended in 1999, because the witness's statement "that [the claimant] was incapable of working in 2001 is relevant to his ability to work in 1999"); *see also Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996) (citation and internal quotation marks omitted) ("medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition"). Further, the Government's litigation position was not substantially justified because it assumed, without any support from the record or the ALJ's decision, the ALJ would reject Mr. Adams' opinion. *See Gardner v. Berryhill*, 856 F.3d 642, 653 (9th Cir. 2017) (government's litigation position not substantially justified because it assumed, with "simply no support," that the ALJ on remand "would reject or give little weight to the treating doctor's opinion").

In sum, Defendant has not shown substantial justification for its litigation position. Defendant also failed to argue how the ALJ's underlying position was substantially justified. *See generally* Dkt. 32. Additionally, there are no special circumstances which render an EAJA award in this matter unjust. As such, the Court finds Plaintiff is entitled to attorney's fees under the EAJA. *See Meier*, 727 F.3d at 872.

## II. Reasonableness of Fee

Once the Court determines a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429, 433 n.7. "When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible. As *Hensley* described it, the explanation must be 'concise but *clear*.'" *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (emphasis in original, citations omitted). "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which encompasses the lodestar method.[2] *Hensley*, 461 U.S. at 433, 435.

Here, Plaintiff requests $8,225.82 for 41.8 hours of attorney time spent on this case. Dkt. 29, 30, 31. As a preliminary matter, the Court considers the factors suggesting Plaintiff's request is reasonable. The Court ordered supplemental briefing in this case regarding an issue the parties did not discuss in their initial briefs. *See* Dkt. 20. This alone necessitated additional time and labor, as indicated by the 4.2 hours Plaintiff's attorney spent drafting the supplemental brief.[3] *See* Dkt 31-1, p. 1. Furthermore, the lack of clarity in the record regarding whether the Administration received Mr. Adams' opinion presented an uncommon issue. These factors suggest Plaintiff's fee request is reasonable.

---

[2] Relevant factors which may be considered are identified in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), as: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19 (citations omitted); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors).

[3] Defendant does not object to the time Plaintiff's attorney spent drafting the Opening Brief, Reply Brief, and Supplemental Brief, or the time spent reviewing Defendant's Response. Dkt. 32, p. 10.

Defendant requests the reduce Plaintiff's fees by 1.8 hours, for a total award of 40 hours spent by Plaintiff's attorney on this case. Dkt. 32, p. 10. Defendant provides two arguments regarding why Plaintiff's fee request is unreasonable. First, Defendant argues Plaintiff's request for 41.8 hours of work on this case "was unreasonable given her limited success," as Plaintiff "succeeded on only one of the six issues she raised" and did not receive the benefits award she requested. *Id.* at 8. Defendant's first argument is unpersuasive. The Court only reviews the "issues that led to remand" in determining if an award of fees is appropriate. *See Toebler*, 749 F.3d at 834. "[T]he court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *See Hensley*, 461 U.S. at 435. Here, Plaintiff was successful and received reversal and remand of the ALJ's decision. *See* Dkt. 27, 28. The EAJA award should not be reduced simply because the Court did not make findings on each issue Plaintiff raised in her Opening Brief. Accordingly, Defendant has not shown a reduction in the attorney's fee request is appropriate for this reason.

Second, Defendant argues Plaintiff's attorney spent an unreasonable amount of time "block billing at .2-hour increments for tasks that reasonably could not have taken that long to complete." Dkt. 32, p. 10. Defendant cites, for example, that Plaintiff's attorney spent a total of 72 minutes reviewing Defendant's Notice of Appearance and Answer, and reviewing and calendaring various scheduling orders. *Id.* In the Reply, Plaintiff's attorney explains that she takes multiple steps at each stage of a case as required by her law firm's malpractice insurance carrier and to ensure she does not miss filing deadlines. Dkt. 33, pp. 3-4. For instance, Plaintiff's attorney wrote in her Reply that she tracks her deadlines and tasks through a dual calendaring system, her email history, an electronic client file, Microsoft Outlook, as well as an Excel Spreadsheet. *See id.*

While Plaintiff's attorney's organizational scheme is thorough, the Court may reduce attorney's fees "for purely clerical tasks." *Neil v. Comm'r of Soc. Sec. Admin.*, 495 Fed.Appx. 845, 847 (9th Cir. 2012) (citations removed); *see also Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (holding an attorney may not seek fees for purely clerical tasks at an attorney rate); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (citations omitted) (holding clerical and organizational tasks "should have been subsumed in firm overhead rather than billed at paralegal rates"). Therefore, the Court grants Defendant's reasonableness request and reduces the time Plaintiff's attorney spent on these clerical tasks – such as calendaring deadlines and drafting brief emails to opposing counsel – by 1.8 hours. As such, the Court finds 40 hours of attorney time were reasonably expended in this case.

### III. Defendant's Surreply

On April 11, 2018, Defendant filed a Motion for Leave to File Surreply ("Defendant's Motion") in relation to this fees Motion. Dkt. 34. The Court denied Defendant's Motion on April 13, 2018. Dkt. 35. Nevertheless, on April 16, 2018, Defendant filed the Surreply along with a Declaration, seeking to strike material in Plaintiff's Reply. Dkt. 36, 37. The Court thereafter entered an Order striking Defendant's Surreply and admonishing Defendant's attorney for conscious disregard of the Court's Order. *See* Dkt. 38.

The Court notes Plaintiff filed the present fees Motion and supporting Declaration prior to the filing of the various motions and orders regarding Defendant's Surreply. Accordingly, the Court will allow Plaintiff to file a supplemental Declaration reflecting the hours required in defending the fees Motion and reviewing the various motions and orders related to Defendant's Surreply. *See Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 157 (1990) (fees for time and

expenses incurred in applying for fees were covered in EAJA cases). Plaintiff has seven days from the date of this Order to file the supplemental Declaration.

## CONCLUSION

For the above stated reasons, the Court finds the Administration's position was not substantially justified and Plaintiff is entitled to a fee award under EAJA. Plaintiff may file a supplemental Declaration reflecting the hours required to file and defend the Motion and time required reviewing the various motions and orders related to Defendant's Surreply on or before May 2, 2018. Following the receipt of Plaintiff's amended fee request, the Court will enter an Order granting Plaintiff's Motion.

Dated this 25th day of April, 2018.

David W. Christel
United States Magistrate Judge